UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
ARQUIS BOWENS, individually and on
behalf of others similarly situated,

                Plaintiff,             MEMORANDUM AND ORDER
                                        06-CV-809 (NG) (CLP)

-against-

ATLANTIC MAINTENANCE CORP.,

                Defendant.
------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 24 2008 ★
BROOKLYN OFFICE

GERSHON, United States District Judge:

      On March 14, 2008, Magistrate Judge Cheryl L. Pollak issued a detailed and comprehensive fifty-six page Report and Recommendation ("R&R") on five separate motions made in this case. Judge Pollak advised the parties that any objections had to be filed within ten days and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. Section 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)."

      Defendant has filed what purport to be Objections to the R&R but which recite only that defendant objects to Judge Pollak's conclusions adverse to the defendant (for example, "Defendant objects to the Recommended Ruling on Plaintiff's motion for an Order of contempt based upon Magistrate Judge Pollak's December 6, 2006 Order, to the extent that it recommends that factual and legal findings adverse to Defendant be made, and Plaintiff's motion be granted") and which refer the court only to defendant's prior submissions and the transcripts. Plaintiffs, in response, state their disagreement with defendant's "conclusory objections."

      Under Rule 72(b) of the Federal Rules of Civil Procedure, a party may object to a magistrate judge's report and recommendation by serving and filing "specific written objections." An objection

1

of the sort made here does not constitute a specific written objection within the meaning of Rule 72(b). *See Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). In *Mario*, the Court of Appeals found plaintiff's statement in his objections, with respect to his Title VII claim, "not specific enough to preserve this claim for review," where plaintiff said only that it was error to deny his motion on the Title VII claim "for the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment." *Id.* The Court held:

> This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim. Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b). . . .

*Id.*

Thus, for the same reasons articulated by the Court of Appeals, I consider all objections by defendant to have been waived. Indeed, the wisdom of the Court of Appeals' ruling is illustrated by the circumstances presented here. The magistrate judge's R&R was based both upon evidentiary findings after hearing witnesses and upon detailed, sophisticated legal analyses on a multitude of issues. To allow a party to trigger full de novo review by the district judge on the basis of the type of objections made here would make a mockery of the role of magistrate judges in fulfilling their important and well-recognized responsibilities. As the Supreme Court has noted, "[g]iven the bloated dockets that district courts have now come to expect as ordinary, the role of [magistrate judges] in today's federal judicial system is nothing less than indispensable." *Peretz v. United States*, 501 U.S. 923, 928 (1991) (quotation omitted). Rather than adding to the efficiency of the district courts, the magistrate judges' labors would be largely wasted if Rule 72(b)'s requirements were ignored.

Finally, while I do not waive the objections, *cf. Mario*, 313 F.3d at 766, I have reviewed the R&R for clear error on its face. *See Urena v. People of the State of New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001). Doing so, I find the R&R's factual findings and conclusions of law to be thorough and soundly based. Not only has Judge Pollak engaged in a comprehensive analysis of the applicable legal principles but she has done so with sensitivity to the underlying issues and to the particular factual circumstances presented in this case. I adopt her R&R in its entirety and therefore make the following rulings:

1. Plaintiffs' request for an order of contempt is denied but their request for sanctions is granted in that (a) to the extent that plaintiff Bowens or any other of the putative class members, with the exception of Marti, may have received payment from defendant, they are permitted to retain their payments; (b) defendant is directed to disclose to plaintiffs any documents relating to communications between defendant and the putative class members; and (c) plaintiffs' counsel is awarded reasonable attorney's fees and costs incurred in connection with their motion for sanctions. The amount to be awarded is to be determined by Judge Pollak, who may set a schedule for the resolution of this issue.

2. Defendant's motion to dismiss the claims of plaintiff Bowens on grounds of mootness based upon defendant's offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure is denied.

3. Plaintiffs' motion to have their case certified for collective action notice is granted. In order to facilitate the giving of notice, the defendants are ordered, within 20 days, to provide to plaintiffs' counsel the names, last known contact information, employment dates, and last four digits of the social security numbers of all current and former Atlantic employees who, during the past

three years, held the position of janitorial or maintenance worker or performed such duties at any Atlantic Maintenance Corp. site. With respect to the plaintiffs' proposed form of notice, Judge Pollak's recommendations are adopted in their entirety. Thus, defendants' objection to the language directing potential plaintiffs to contact plaintiffs' counsel for further information is rejected. However, the notice should be revised to instruct that the Consent Forms be sent to the Clerk of Court. Also, potential plaintiffs should be given 60 days to opt-in. Within two weeks, in accordance with Judge Pollak's direction at page 47 of the R&R, the parties are to meet and confer and propose to her a revised form of notice.

4. Defendant's motion to disqualify Bowens' attorneys from representing anyone in this action is denied.

5. Plaintiffs' motion for a protective order to prevent defendant and its officers, agents, and employees from communicating with anyone involved in this case is granted. Judge Pollak is authorized to enforce this order.

SO ORDERED.

s/NG
_____
**NINA GERSHON**
**United States District Judge**

Dated: April 23, 2008
Brooklyn, New York